**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ALONZO JONES,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:05CV00168 ERW |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Alonzo Jones to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On August 30, 1999, a grand jury convened in Cape Girardeau and indicted Jones for knowingly and intentionally distributing cocaine base, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) on two occasions, August 29 and October 8, 1998. On November 30, 1999, a jury convicted Jones of both counts following a two-day jury trial. On February 28, 2000, the Court sentenced Jones to the minimum sentence authorized by the Sentencing Guidelines, 324 months on both counts of the indictment, with the sentences to run concurrently, and ordered a term of six years' supervised release. On June 27, 2001, the Eighth Circuit affirmed Jones's conviction and sentence. *See United States v. Jones*, 255 F.3d 916 (8th Cir. 2001).

Jones's previous motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was denied as to the first three grounds on November 14, 2002, and as to the fourth ground on June 18, 2003, after an evidentiary hearing. *Jones v. United States*, 1:02-cv-00073-ERW (E.D.Mo. June 18, 2003). The Court of Appeals for the Eighth Circuit dismissed Jones's appeal. *Jones v. United States*, No. 03-2778 (8th Cir. Oct. 20, 2003). According to Jones, he subsequently sought permission to file

a second or successive motion under 28 U.S.C. §§ 2244 and 2255, which was denied. His motion to recall the mandate from his first motion under § 2255 was also denied.

## The motion

Jones seeks to vacate, set aside or correct his conviction and sentence on the grounds that (1) there were no drug quantities specified in the indictment nor were there any amounts instructed to the jury; and (2) the Court determined that Jones was a career offender and enhanced his sentence "with the mandatory use of the federal guidelines," which, under *Booker v. United States*, 125 S.Ct. 738 (2005), violates his Sixth Amendment right to a jury trial.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

### A. Second or successive petition.

As noted above, Jones previously sought relief pursuant to 28 U.S.C. § 2255. Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because there is no indication that the Eighth Circuit Court of Appeals has certified the instant motion as required by § 2255, this Court lacks jurisdiction to entertain this action under § 2255.

At least three circuit courts, however, have held that when a petitioner files a second or successive habeas petition in the district court, without first seeking permission from the court of

appeals, the case should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). Under § 1631, a "court shall, if it is in the interest of justice, transfer such action ...to any other court in which the action... could have been brought at the time it was filed." *Liriano*, 95 F.3d at 122 (quoting 28 U.S.C. § 1631). Once the case is transferred, the court of appeals would then consider whether the second or successive petition meets the statutory requirements for consideration by the district court. *Id.* at 122-23.

Accordingly, this Court would not summarily dismiss the instant motion because it is a second or successive petition but would transfer it to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. However, the Court must also consider whether this motion is barred under the one-year statute of limitations that applies to motions made pursuant to 28 U.S.C. § 2255.

### B.  Statute of limitations.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. As noted above, Jones was convicted on February 28, 2000. On June 27, 2001, the Eighth Circuit Court of Appeals affirmed both his conviction and sentence. Jones did not petition for a writ of certiorari from the Supreme Court. Allowing ninety days after the appellate court's affirmation of the conviction and sentence, the sentence became final on September 25, 2001. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003) ("...[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Accordingly, Jones had until September 25, 2002, in which to file his § 2255 motion. The instant motion, however, was not filed until September 30, 2005. It is, therefore, time-barred.

Jones would apparently argue that his motion falls under § 2255(3) which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Jones argues that the Supreme Court's decision *Booker* announced a new rule which is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his § 2255 motion.

This argument, however, is without merit. In *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), a panel of the Eighth Circuit Court of Appeals held that the precursor to *Booker, i.e., Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), was not of watershed magnitude and that the holding of *Teague v. Lane*, 489 U.S. 288 (1989) barred the retroactive application of an *Apprendi* claim on collateral review. Similar reasoning prevents *Booker* from being applied retroactively in the instant

4

case.

Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), Jones has not asserted any facts indicating that equitable tolling applies in this case. *Id.* (noting that in habeas context equitable tolling is proper when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**, without prejudice, as time barred.

An appropriate order shall accompany this memorandum and order.

So Ordered this 7th Day of December, 2005.

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**